FILED
U.S. DISTRICT COURT
          DIV.
2011 MAY 17 PM 2:39
CLERK R. Auk
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JULD GERALD CARTER,

    Petitioner,

v.                                          CIVIL ACTION NO.: CV611-024

GLEN JOHNSON, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Juld Carter ("Carter"), who is currently incarcerated at Hancock State Prison in Sparta, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge his conviction obtained in the Toombs County Superior Court. Respondent filed a Motion to Dismiss. Carter filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Carter's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Carter was convicted, after a jury trial, of malice murder and was sentenced to life imprisonment in the Toombs County Superior Court in November 1996. Carter filed a direct appeal, and his conviction and sentence were affirmed.

Carter filed a petition for writ of habeas corpus, and the Ware County Superior Court denied his petition. The Georgia Supreme Court denied Carter's application for

certificate of probable cause. Carter then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. United States Magistrate Judge G.R. Smith recommended that Carter's petition be dismissed as untimely, and the Honorable B. Avant Edenfield adopted this recommendation as the opinion of the Court. (CV605-145, Doc. Nos. 13, 16). The Eleventh Circuit Court of Appeals denied Carter's certificate of appealability. (Id. at Doc. No. 22).

In this petition, Carter asserts that the indictment under which he was charged did not set forth a venue provision. Carter also asserts that he received ineffective assistance of counsel, as his counsel failed to inform him of the availability of a plea agreement. Carter also asserts that he was not present during the hearing on his motion for a new trial, and he did not have a hearing to establish that his trial counsel was ineffective. Respondent contends that Carter's petition should be dismissed as a second or successive petition.

## DISCUSSION AND CITATION TO AUTHORITY

"A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus." Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Two different statutes govern the single post-conviction remedy of the writ of habeas corpus, 28 U.S.C. §§ 2241 and 2254. "The difference between the statutes lies in the breadth of the situations to which they apply." Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004) (quoting Medberry, 351 F.3d at 1059). A writ of habeas corpus may issue to a prisoner pursuant to section 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 "applies to a subset of those to whom" section

2

2241(c)(3) applies. Thomas, 371 F.3d at 786. This section applies to "'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or law or treaties of the United States." Id. (quoting section 2254(a)) (emphasis in original). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." Thomas, 371 F.3d at 787. Thus, even though Carter utilized a form applicable to petitions filed pursuant to 28 U.S.C. § 2241 (Doc. No. 1), the requirements of § 2254 still are applicable to his petition.

Before a second or successive application is filed in a district court, the applicant "<u>shall</u> move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis supplied). This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330-31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless–*

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(emphases added).

Carter has failed to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his second or successive petition.[1] While it would ordinarily be permissible for this Court to transfer his petition to the Court of Appeals, it is not in this case. Carter's petition is barred under the gatekeeping provision of section 2244(b)(3)(A). Any claims for relief in this action which Carter previously set forth in his prior application would be dismissed. 28 U.S.C. § 2244(b)(1). In addition, Carter has failed to show that any claims in this case which were not set forth in his prior application fit within the exceptions of section 2244(b)(2)(B).

---

[1] A dismissal with prejudice of a prior petition makes any subsequent petition second or successive. Guenther, 173 F.3d at 1329. Carter's petition in Case Number CV605-145 was dismissed as untimely, which constitutes a dismissal with prejudice. See Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010).

AO 72A
(Rev. 8/82)

4

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Carter's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 17th day of May, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)